## IMPLIED AUTHORITY OF A SURGEON TO MAKE WHATEVER OPERATION HE FINDS NECESSARY.

Superior Court of Cincinnati.

SOPHIA HARRISON v. CHARLES A. L. REED.

Decided, April 27, 1916.

*Physician and Surgeon—Operation Consented to Involving Abdominal Incision—Second Incision Found Necessary During the Operation—Authority so to do Implied.*

1. When a patient, after describing her symptoms to a surgeon, voluntarily submits to the performance of an operation which is expected to require but a single incision, she is presumed to authorize the surgeon to perform such operation as may be required by her condition; and where in the performance of the operation the surgeon finds that it is necessary to make an additional incision for the purpose of reaching the cause of the symptoms described by her, authority to make such additional incision will be implied in law.

2. When a patient describes to a surgeon the symptoms of an ailment from which she is suffering, and consents to an operation for the relief of her condition, she will be presumed to have authorized the surgeon to perform such operation as may be required by the conditions which he finds. And when, in the course of the performance of such operation, it appears to the surgeon to be necessary to extend its scope beyond what was originally contemplated, consent to such extension will be presumed, even though it requires the making of a second and separate incision.

*Carl Werner* and *E. S. Hertwig*, for plaintiff.
*Robertson, Buchwalter & Oppenheimer*, contra.

GUSWEILER, J.

This cause is now submitted after both plaintiff and defendant have introduced all their evidence, on a motion for an instructed verdict and to withdraw said cause from the jury's consideration and for a verdict in favor of the defendant. The court doth find that the sole and only issue in this case is whether or not the defendant, Dr. Charles A. L. Reed, performed the upper opera-

tion and made the upper incision upon plaintiff in, this case, without her consent. If he did, he would in law be liable for all consequences. To perform this upper operation it was necessary for the defendant in this case to have had plaintiff's consent, either expressly or impliedly. Plaintiff denies that she or anyone else gave defendant this permission, but that he did have permission to perform the lower operation on her abdomen and to make the lower incision only to relieve her of certain ailments in the colon as indicated by various disorders and symptoms.

The law implies her consent to all things necessary to be done under all the circumstances and conditions of plaintiff when the first incision was made, having in mind the symptoms of plaintiff, and to the performance of such operation as was reasonably necessary to save and protect plaintiff from continued serious illness· If having her consent to make the lower incision, and to perform the lower operation with the understanding that this was all that was to be done, and that no other incision or operation was required, nevertheless, if the defendant found on opening plaintiff's abdomen by the lower incision that another incision was necessary to reach and alleviate the ailments and disorders of the colon elsewhere, as evidenced by the symptoms and conditions of her abdomen as shown at that time and the defendant, having therefore made this upper incision and located the seat of and remedied the ailment and disorders as indicated by these other symptoms, the consent of this plaintiff to the making of such other upper incision and to the performance of such other upper operation will be implied in law.

The only evidence indicating that the defendant had no consent and was not authorized nor justified in making this upper incision and performing this upper operation, is plaintiff's testimony setting forth the defendant's admission to her that he did so only to explore conditions of a former operation. Against this, the defendant admits that he told plaintiff so, but qualifies said statement in that he says that it was necessary and prudent so to explore, to locate the seat of the trouble (stomach disorder) which he could not do through or by the

lower incision. This situation and condition was discovered by the defendant after making the lower incision and performing the lower operation. All of the evidence of justification on the part of the defendant performing this upper operation stands uncontradicted except by plaintiff's testimony as to the defendant's admission.

In the face of this situation the court finds that plaintiff's testimony as to want of authority on the part of the defendant, even if all of it were admitted to be true, considered with defendant's evidence and proof, as a matter of law, does not present a scintilla of evidence of disputed fact justifying submitting this case to the jury. The law will imply that in this case, under these circumstances, plaintiff gave consent to the performance of this upper operation.

On the evidence presented at this time by both plaintiff and defendant, even admitting all that plaintiff has testified to to be true, the court finds that as a matter of law there is no legal liability owing by defendant to plaintiff in this action.

The motion will be granted and the case will be withdraw⁻ from the jury, and the jury will be directed to bring in a verdict for the defendant.